UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| In re DIRECT GENERAL CORPORATION SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Civil Action No. 3:05-0077 <br><br> Judge Todd J. Campbell <br> Magistrate Judge Juliet E. Griffin <br><br> <u>CLASS ACTION</u> |

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 8, 2007, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of March 30, 2007 (the "Stipulation"). The Court having considered all matters submitted to it at the hearing and having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all Persons (other than those Persons who timely and validly requested exclusion from the Class) who purchased the common stock of Direct General Corporation between August 11, 2003 and January 26, 2005, inclusive, including those who purchased shares of Direct General common stock issued pursuant to or traceable to Direct General's August 11, 2003 Registration Statement/Prospectus, and Direct General's March 23, 2004 Registration Statement/Prospectus. Excluded from the Class are Defendants, members of the immediate families of the Defendants, any entity in which any Defendant has or had a controlling interest, present or former directors and officers of Direct General, any of the Underwriter Defendants, and E&Y, and the legal representatives, heirs, successors, or assigns of any such Defendant.

4. With respect to the Class, this Court finds and concludes that: (a) the Members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question;

(c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Class.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, and as against the Released Parties. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. The Court finds that the Stipulation and settlement are fair, reasonable, just, and adequate as to each of the Settling Parties, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

8. Upon the Effective Date hereof, the Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form.

9. Upon the Effective Date hereof, all Class Members are hereby forever barred and enjoined from prosecuting all Released Claims against the Released Parties.

10. Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Defendants' Claims against the Lead Plaintiffs, Class Members and Plaintiffs' Counsel.

11. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law.

12. Any plan of allocation submitted by Lead Plaintiffs' counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

13. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or the Judgment from this action in any other action that

- 3 -

may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

15. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 7-20-07

THE HONORABLE TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

Submitted by,

BARRETT, JOHNSTON & PARSLEY
GEORGE E. BARRETT, #2672
DOUGLAS S. JOHNSTON, JR. #5782
TIMOTHY L. MILES, #21605
217 Second Avenue, North
Nashville, TN 37201-1601
Telephone: 615/244-2202
615/252-3798 (fax)

Liaison Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
TOR GRONBORG
JEFFREY D. LIGHT
X. JAY ALVAREZ
RAMZI ABADOU


           s/ Jeffrey D. Light
        JEFFREY D. LIGHT

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

CAVANAGH & O'HARA
WILLIAM K. CAVANAGH, JR.
407 East Adams Street
Springfield, IL 62701
Telephone: 217/544-1771
217/544-9894 (fax)

Additional Counsel for Plaintiffs

S:\Settlement\Direct General.set\JGT 00043502.doc

**EXHIBIT 1**

**AS OF JULY 12, 2007, NO REQUESTS FOR EXCLUSION HAD BEEN RECEIVED**

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 13, 2007.

s/ Jeffrey D. Light
JEFFREY D. LIGHT

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: JeffL@lerachlaw.com

# Mailing Information for a Case 3:05-cv-00077

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Ramzi Abadou**
  general_efile@lerachlaw.com

- **X. Jay Alvarez**
  jaya@lerachlaw.com

- **George Edward Barrett**
  gbarrett@barrettjohnston.com

- **Peter Q. Bassett**
  pbassett@alston.com

- **Paul Kent Bramlett**
  pknashlaw@aol.com

- **Sean S. Buckley**
  sbuckley@willkie.com

- **Brigid M. Carpenter**
  bcarpenter@bakerdonelson.com msturges@bakerdonelson.com

- **Matthew M. Curley**
  mcurley@bassberry.com

- **Michael L. Dagley**
  mdagley@bassberry.com

- **Ames Davis**
  ames.davis@wallerlaw.com nancy.easterling@wallerlaw.com

- **James Alfred DeLanis**
  jdelanis@bakerdonelson.com

- **Darren G. Gibson**
  dgibson@willkie.com

- **Stephen W. Greiner**
  sgreiner@willkie.com mao@willkie.com;bbrodsky@willkie.com

- **Tor Gronborg**
  torg@lerachlaw.com

- **Scott P. Hilsen**

shilsen@alston.com

- **Douglas S. Johnston, Jr**
  djohnston@barrettjohnston.com

- **Jeffrey D. Light**
  jeffl@lerachlaw.com

- **Timothy L. Miles**
  tmiles@barrettjohnston.com

- **Brian O. O'Mara**
  briano@lerachlaw.com e_file_sd@lerachlaw.com

- **Brian D. Roark**
  broark@bassberry.com virwin@bassberry.com

- **Darren J. Robbins**
  e_file_sd@lerachlaw.com

- **Matthew Joseph Sweeney, III**
  msweeney@bakerdonelson.com

- **Antonio Yanez, Jr**
  ayanez@willkie.com
  mao@willkie.com;sbuckley@willkie.com;dgibson@willkie.com;lcruz1@willkie.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Gordon Ball
Ball & Scott
Bank of America Center
550 Main Avenue
Suite 750
Knoxville, TN 37902

Robert C. Finkel
Wolf, Popper LLP
845 Third Avenue
New York, NY 10022

Karen Hanson Riebel
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401

Maya Susan Saxena
Milberg, Weiss, Bershad, Hynes & Lerach, LLP
```

5200 Town Center Circle
Suite 600
Boca Raton, FL 33486

**Steven G. Schulman**
Milberg, Weiss, Bershad, & Schulman, LLP
One Pennsylvania Plaza
49th Floor
New York, NY 10119-0165

**Joseph E. White, III**
Milberg, Weiss, Bershad, Hynes & Lerach, LLP
5200 Town Center Circle
Suite 600
Boca Raton, FL 33486

**Manual Notice List**

Bruce Cormier
Antoinette DeCamp
Ernst & Young LLP
1225 Connecticut Avenue, NW
Washington, DC 20036
  202/327-6000
  202/327-6200 (Fax)